**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO DJUAN THOMPSON,

    Defendant - Appellant.

No. 22-6136
(D.C. No. 5:08-CR-00166-D-1)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Antonio Djuan Thompson, a federal prisoner appearing pro se, appeals from the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's decision.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In November 2008, Thompson was convicted following a bench trial of one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of marijuana, in violation of 18 U.S.C. § 844(a). At sentencing, the district court concluded that Thompson was subject to an enhanced sentencing range under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), due to his prior Oklahoma state court conviction for assault and battery with a dangerous weapon and two prior Oklahoma state court convictions for possession of cocaine with intent to distribute. The district court sentenced Thompson to a term of imprisonment of 235 months, plus a three-year term of supervised release.

Thompson filed a direct appeal challenging the denial of his motion to suppress evidence. This court affirmed. *United States v. Thompson*, 402 F. App'x 378 (10th Cir. 2010).

Thompson proceeded to file at least five motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. All were unsuccessful. *See United States v. Thompson*, 736 F. App'x 756, 758 (10th Cir. 2018) (recounting history of Thompson's § 2255 motions). Most recently, this court denied Thompson authorization to file a successive § 2255 motion asserting that his prior Oklahoma drug convictions do not qualify as serious drug offenses under the ACCA. *In re Thompson*, No. 21-6021 (10th Cir. Mar. 22, 2021).

On July 14, 2021, Thompson, after exhausting administrative remedies, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In his motion, Thompson cited to *United States v. Cantu*, 964 F.3d 924 (10th Cir. 2020), a decision in which this court held that the Oklahoma criminal statute that gave rise to Thompson's convictions for possession of cocaine with intent to distribute, Okla. Stat. tit. 63, § 2–401(A)(1), is not categorically a "serious drug offense" for purposes of the ACCA because it applies to at least three non-federally controlled substances.[1] 964 F.3d at 934. Thompson argued that, in light of *Cantu*, his Oklahoma convictions for possession of cocaine with intent to distribute no longer qualified as "serious drug offenses" for purposes of the ACCA and that, as a result, he had served more than the statutory maximum sentence, i.e., 120 months, that would apply under current law. Thompson also argued that he had demonstrated "extraordinary" rehabilitation while incarcerated, that this rehabilitation demonstrated his lack of dangerousness to the community, and that the § 3553(a) factors weighed in favor of his immediate release.

On July 28, 2022, the district court denied Thompson's motion for compassionate release. In doing so, the district court first addressed and rejected Thompson's argument that, in light of *Cantu*, he should not have been sentenced under the ACCA. Specifically, the district court concluded that "*Cantu* . . . does not

---

[1] In a subsequent unpublished opinion, however, this court recognized that the three substances that rendered the statute overbroad were not added until November 1, 2008, and that, consequently, any Oklahoma state convictions under § 2-401(A)(1) that occurred before November 1, 2008, are not overbroad and qualify as ACCA predicates. *United States v. Traywicks*, 827 F. App'x 889, 891 (10th Cir. 2020).

3

implicate convictions under versions of § 2-401(A)(1) prior to the 2008 amendment," and it in turn noted that Thompson's "drug convictions occurred in 2005 and 2006, both before the [Oklahoma statutory] amendment prompting the *Cantu* decision." ROA, Vol. I at 446. The district court then addressed and rejected Thompson's argument that "his rehabilitation efforts while incarcerated constitute[d] extraordinary and compelling reasons to reduce his sentence." *Id*. at 447. The district court "recognize[d] that" Thompson "ha[d] made commendable efforts to better himself while in prison," but it noted that 28 U.S.C. § 994(t) expressly provides that "'[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'" for a sentence reduction. *Id*. (quoting statute). Lastly, the district court concluded that "the 18 U.S.C. § 3553(a) factors d[id] not support granting his motion" because his "extensive criminal history include[d] multiple drug convictions, multiple convictions for assault with a dangerous weapon, and multiple firearms convictions," and he "ha[d] also committed serious misconduct" while incarcerated," including "violations for possessing dangerous weapons, engaging in sexual acts, and fighting other inmates." *Id*. In other words, the district court noted, "[t]he need for the sentence to address the various goals of sentencing weighs heavily against granting a sentence reduction at this time." *Id*. at 448.

Thompson filed a timely notice of appeal.

4

II

Thompson argues on appeal that the district court "plainly erred in concluding that [he] had two prior 'serious drug offense[s]'" because the Oklahoma statute under which he was convicted, Okla. Stat. tit. 63, § 2-401(A)(1), "includes drugs (4-methoxyamphetamine and cyclohexamine) that were not listed as federal controlled substances in 2008, the year of [Thompson's] federal offense[s]." Aplt. Br. at 6.

We review the district court's ruling on Thompson's compassionate-release motion for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *id*. (internal quotation marks omitted), or "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted).

Section 3582(c)(1)(A)(i) allows defendants, after exhausting administrative remedies afforded by the Bureau of Prisons, to move for compassionate release in the district court. *See United States v. Maumau*, 993 F.3d 821, 830–31 (10th Cir. 2021). A district court may grant a motion for compassionate release only if three requirements are met: (1) it "finds that extraordinary and compelling reasons warrant such a reduction"; (2) it "finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id*. at 831.

5

In this case, the district court denied Thompson's motion for compassionate release for two reasons. First, it concluded that Thompson failed to establish extraordinary and compelling reasons for a sentence reduction. Second, the district court concluded that the § 3553(a) factors did not warrant a sentence reduction.

Thompson's appellate arguments, at best, address only the first of these reasons. In other words, Thompson ignores entirely the district court's analysis of the § 3553(a) factors and its conclusion that those factors did not warrant a sentence reduction. For that reason alone, we could affirm the district court's decision. *See generally Nixon v. City and Cnty. Of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (noting that "[t]he first task of an appellant is to explain . . . why the district court's decision was wrong"); *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 613 n.7 (10th Cir. 2008) ("[W]here a district court's disposition rests on alternative and adequate grounds, a party who, in challenging that disposition, only argues that one alternative is erroneous necessarily loses because the second alternative stands as an independent basis, regardless of the correctness of the first alternative."); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (noting that "*[p]ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure").

Even ignoring this fatal problem, we conclude that the arguments that Thompson actually makes on appeal do nothing to undermine the district court's conclusion that he failed to establish extraordinary and compelling reasons for a sentence reduction. Liberally construing Thompson's arguments, he appears to be

6

challenging the district court's rejection of his argument that, in light of *Cantu*, he should not have been sentenced under the ACCA. Specifically, Thompson contends that two Oklahoma scheduled drugs—4-methoxyamphetamine and cyclohexamine—"were not listed as federal controlled substances in 2008, the year" he was convicted of his federal offenses. Aplt. Br. at 6. But, as the government correctly points out, both of these drugs were Schedule I federally controlled substances at the time Thompson was convicted of his federal offenses in 2008, and remain such today. *See* 21 C.F.R. § 1308.11(d)(7) (2023) (4-methoxyamphetamine); *id*. § 1308.11(d)(7) (2007) (4-methoxyamphetamine); *id*. § 1308.11(d)(32) (2023) (cyclohexamine); *id*. § 1308.11(d)(31) (2007) (cyclohexamine).

III

The district court's judgment is AFFIRMED. Thompson's motion for leave to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge